**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


*In re* **L.J. and I.J.**

**No. 21-0808** (Kanawha County 20-JA-223 and 20-JA-224)


**MEMORANDUM DECISION**


Petitioner Father J.J., by counsel Jason S. Lord, appeals the Circuit Court of Kanawha County's September 14, 2021, order terminating his parental rights to L.J. and I.J.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Katherine A. Campbell, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), J. Rudy Martin, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for an improvement period and terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to the instant proceedings, the DHHR received a referral in January of 2020 alleging that the mother's home lacked electricity and water, and the mother and children were living in a hotel room as a result. In lieu of a temporary protection plan for the children, the mother granted temporary guardianship of the children to a certified kinship home. The next month, the Kanawha County Family Court held a hearing wherein petitioner did not appear. At the hearing, the court granted the relatives full guardianship of the children.

In May of 2020, the DHHR filed an abuse and neglect petition alleging that the mother exposed the children, then ages eight and ten, to repeated sexual abuse by her boyfriend. According

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

to the petition, the children stated that they told the mother, who took no action to prevent the sexual abuse and did not believe the children. The DHHR alleged that when confronted with the allegations, the mother denied that any sexual abuse occurred. The children further disclosed that the mother and the boyfriend were abusive to each other, and the mother was left unconscious after at least one incident. The children also stated that the boyfriend was an alcoholic, and they did not feel safe with either the mother or her boyfriend. The DHHR further alleged that petitioner and the mother failed to provide the children with the necessary food, clothing, supervision, housing, and financial support.

After some delays due to scheduling, the circuit court held an adjudicatory hearing in September of 2020. Petitioner requested services be provided to him, which the circuit court granted. Later that month, the DHHR requested a continuance to allow petitioner to complete a psychological evaluation. The circuit court again granted a continuance in January of 2021 as the parents' psychological evaluations were still incomplete. The court held another hearing in April of 2021 wherein counsel for the parties advised the circuit court that they had been unable to access transcripts from the children's Child Advocacy Center interviews, and the matter was continued. At the hearing, the circuit court denied petitioner's motion for visitation with the children after the guardian reported that the children stated they did not wish to see him. The next month, the DHHR filed a report indicating that all of petitioner's recent drug screens had been positive for marijuana. The DHHR's report further stated that petitioner had been noncompliant with attending his adult life skills and parenting classes.

In June of 2021, the circuit court held an adjudicatory hearing wherein petitioner did not appear but was represented by counsel. A Child Protective Services ("CPS") worker testified that the children had not seen petitioner for a "very long time." The worker recalled that petitioner had failed to provide the children with financial or emotional support over the last several years. The circuit court found that petitioner was not present in the children's lives, had failed to provide financial or emotional support for the children, and had abandoned them. As a result, it adjudicated him as an abusing parent. The circuit court also adjudicated the mother as an abusing parent, finding that she had physically abused the children and permitted her boyfriend to physically and sexually abuse the children.

The circuit court held a dispositional hearing in September of 2021 during which a CPS case manager testified that petitioner was provided services from September of 2020 until June of 2021. The case manager testified that petitioner's services were discontinued because he repeatedly tested positive for marijuana and failed to attend his adult life skills and parenting classes. The case manager noted that petitioner had only attended two adult life skills classes over ten months and failed to appear for his scheduled psychological evaluation. The case manager stated that petitioner did not maintain contact with the DHHR after his services were terminated in June of 2021, and that he had offered no financial support to the children throughout the proceedings. The case manager testified that the DHHR recommended petitioner's parental rights be terminated with no post-termination visitation due to petitioner's noncompliance with services and continued substance abuse. Next, petitioner testified that he was participating in a sober living facility and was using prescribed Suboxone in his treatment. Petitioner further stated that he was seeking employment, and had previously participated in a seven-day detoxification program. Petitioner stated that he had visited with his children ten to fifteen times in the previous four years;

however, he acknowledged that he went an entire year without visiting them because of his drug use.

Ultimately, the circuit court denied petitioner's motion for an improvement period and terminated his parental rights. The court found that petitioner had failed to comply with services and continued his drug abuse. The court further found that petitioner had over fifteen months throughout the proceedings to address his drug abuse but failed to do so. Finally, the court found that petitioner failed to accept responsibility for his actions. The circuit court's decision was memorialized by its September 14, 2021, order. Petitioner now appeals that order.[2]

The Court has previously held:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period because the evidence supported the granting of an improvement period "in order to reunify him with his children or, in the alternative, the granting of additional time . . . to participate in services and show the [circuit c]ourt his ability to rectify the presenting problems." Specifically, petitioner argues that he demonstrated entitlement to additional time because he was participating in services that only ceased after he tested positive for marijuana. Petitioner notes that he voluntarily completed a seven-day detoxification program, entered into a sober living facility, was seeking employment, and participating in a Suboxone treatment program. As such, petitioner argues that he should have been granted an improvement period. Based upon our review of the record, we find no merit to petitioner's argument.

This Court has held that "a parent charged with abuse and/or neglect is not unconditionally entitled to an improvement period." *In re Emily*, 208 W. Va. 325, 336, 540 S.E.2d 542, 553 (2000). West Virginia Code § 49-4-610(2)(B) provides that the circuit court may grant a parent a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." "This Court

[2]The mother's parental rights were also terminated below. The permanency plan for the children is adoption by their foster family.

has explained that 'an improvement period in the context of abuse and neglect proceedings is viewed as an opportunity for the . . . parent to modify his/her behavior so as to correct the conditions of abuse and/or neglect with which he/she has been charged.'" *In re Kaitlyn P.*, 225 W. Va. 123, 126, 690 S.E.2d 131, 134 (2010) (citation omitted). However, the circuit court has discretion to deny an improvement period when no improvement is likely. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002).

Here, petitioner failed to demonstrate that he would participate in an improvement period, despite the provision of services. The record indicates that petitioner only attended two total adult life skills classes from September of 2020 until services were discontinued due to his noncompliance in June of 2021. Petitioner also failed to appear for his psychological evaluation and remained unemployed throughout the proceedings, despite his assertion that he was seeking employment at the time of the dispositional hearing. Finally, petitioner repeatedly tested positive for marijuana throughout the proceedings. This is especially concerning in light of petitioner's testimony that he had only seen the children ten to fifteen times in the previous four years, and that he went an entire year without visiting the children because of his continued substance abuse. As such, we find that petitioner did not meet his burden of proving that he would fully participate in an improvement period.

Moreover, the evidence before the circuit court supports its termination of petitioner's parental rights. As set forth above, the DHHR presented evidence of petitioner's noncompliance with services throughout the proceedings, including his lack of participation in adult life skills classes and his continued substance abuse. West Virginia Code § 49-4-604(c)(6) permits a circuit court to terminate parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. With these parameters in mind, it is clear that the record supports the circuit court's finding that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect given his untreated substance abuse issues. While it is true that petitioner may be able to undergo some treatment in the future for his substance abuse, such possible improvement was based on pure speculation. Further, petitioner often failed to avail himself of the DHHR's services, and he continued his substance abuse over a fifteen-month span in the proceedings.

Although petitioner also takes issue with the timeframe from adjudication to termination, arguing that he should have been given additional time and an opportunity to demonstrate that he could correct the conditions of abuse and neglect, we have previously held that "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4, in part (citation omitted). Further, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be

4

substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As such, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 14, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: March 9, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment